I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-22-13

DEPUTY CLERK

*CV-69 also mailed.

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES CAMPOS,<br><br>        Petitioner,<br><br>    vs.<br><br>WARDEN VIRGA,<br><br>        Respondent. | Case No. EDCV 13-0504-ODW (RNB)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

The Court's review of the Petition for Writ of Habeas Corpus, filed herein on March 20, 2013, reveals that it suffers from the following deficiencies:

    1.    The habeas form is not properly or completely filled out. In ¶ 3.b, petitioner is supposed to specify the grounds that he raised on direct appeal. Although petitioner filled in information, the information he provided does not indicate what grounds he raised on direct appeal. In ¶ 4, petitioner responded in the negative to the question asking if he also filed a Petition for Review with the California Supreme Court. However, according to the California Appellate Courts website, attorney Diane Nichols did file a Petition for Review on petitioner's behalf on June 19, 2012, which the California Supreme Court denied on July 25, 2012.

2. Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, Grounds One, Two, and Three of the Petition are not framed as federal constitutional claims. Moreover, to the extent that petitioner is challenging the imposition of a restitution fine in Ground Three, the Court notes that claims involving solely the interpretation and/or application of state sentencing law are not cognizable on federal habeas review. See, e.g., Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.), cert. denied, 514 U.S. 1026 (1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).

3. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State or an exception to the exhaustion requirement applies. Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the

petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, it appears from the face of the Petition that petitioner did not raise claims corresponding to Grounds Three, Four, or Five on direct appeal, from which it follows that petitioner could not have presented claims corresponding to Grounds Three, Four, or Five in his petition to the California Supreme Court for review of the Court of Appeal decision. Moreover, after comparing the assertions made by petitioner in support of Grounds One and Two to the discussion in the Court of Appeal decision of the claims raised by petitioner on direct appeal, it further appears to the Court that petitioner did not raise claims corresponding to Grounds One or Two on direct appeal, from which it follows that petitioner could not have presented claims corresponding to Grounds One or Two in his petition to the California Supreme Court for review of the Court of Appeal decision. It thus appears to the Court that the Petition is subject to dismissal for failure to exhaust state remedies.

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above on or before **April 23, 2013**. The clerk is directed to send petitioner a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions

3

pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: March 21, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE